**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 06-632-C**

**SCOTTSDALE INSURANCE COMPANY, ET AL.**                                    **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**NORMAN FLOWERS, ET AL.,**                                                **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter was filed as a motion for declaratory judgment on the issue of the plaintiff-insurer's obligation to provide indemnity under the terms of an insurance policy for the agreed judgment voluntarily assumed and entered into by the defendant, Norman Flowers, in favor of defendant Kathleen Burke. Specifically, the plaintiff argues that defendant Flowers entered into the agreed judgment without the consent of plaintiff as required by the express terms and conditions of the insurance policy. The court, having reviewed the record and having been otherwise sufficiently advised, will deny the motion.[1]

**1. Facts**

The facts of this case have been set forth by the court in a related matter. *See* Case No. 3:06-CV-19-C*.* Briefly, the defendant, Burke, has filed suit against both the defendant Flowers, and the intervening Plaintiff, the Morton Center,

---

[1] Defendant Flowers has not responded to the motion for declaratory judgment.

1

alleging, among other things, that Flowers abused his position as a therapist. Scottsdale Insurance Company ("Scottsdale"), the plaintiff in this case, provides the Morton Center with professional liability insurance. This court held that Scottsdale has no duty to extend coverage to Flowers for his sexual affair with Burke, as such acts were outside the scope of employment and, therefore, outside the coverage of the insurance policy. Case No. 3:06-CV-19-C. That holding was affirmed by the Sixth Circuit on January 16, 2008. *Scottsdale Ins. Co. v. Flowers,* Nos. 06-6385/6412 (6th Cir. 2008).

Unsure of the extent of coverage owed in the matter, Scottsdale defended the state action under a reservation of rights. All parties participated in formal mediation on November 17, 2006, which was unsuccessful. The morning of the first day of trial, December 5, 2006, the defendants Burke and Flowers informed the trial court that they had entered into an Agreed Judgment, whereby Flowers agreed to pay Burke one million dollars for damages she sustained. Scottsdale argues it is not obligated under its insurance policy to indemnify Flowers for his obligation under that agreed judgment. Accordingly, Scottsdale has filed this action to clarify its obligations under the policy.

**2.    Standard of Review**

"Summary judgment[2] is proper where there are no genuine issues of material

---

[2] Because the parties have presented matters outside the pleadings, which have been considered by this court, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

2

fact in dispute and the moving party is entitled to judgment as a matter of law."
*Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (citing Fed. R. Civ. P. 56(c)). In deciding the motion, the court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Browning,* 283 F.3d at 769 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A genuine issue exists only when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Browning*, 283 F.3d at 769 (quoting *Anderson*, 477 U.S. at 252).

**3. Analysis**

Interpretation of an insurance policy is a question of law. *K.M.R. Foremost Ins. Group*, 171 S.W.3d 751, 753 (Ky. App. 2005). The contract must be enforced as written, with clear and unambiguous terms given their ordinary meaning. *Goodman v. Horace Mann Ins. Co.*, 100 S.W.3d 769, 772 (Ky. App. 2003). Scottsdale's Commercial Lines insurance policy provides: "No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense without [Scottsdale's] consent." DE 29 Exhibit 3 at 4. It also states,

> A person . . . may sue [Scottsdale] to recover on an agreed settlement. . . . An agreed settlement means a settlement and release of liability signed by [Scottsdale], the insured and the claimant or the claimant's legal representative.

*Id.* at 4. The policy clearly required approval or consent before settlement.

Ordinarily, the issue of whether Scottsdale has a duty to satisfy any part of the agreed judgment entered between Flowers and Burke would require the court to examine whether Flowers's course of conduct complied with the insurance policy; yet, it is undisputed that defendant Flowers voluntarily assumed the legal obligation in this case without the plaintiff's consent.  Notwithstanding Flowers's failure to comply with the policy conditions, the plaintiff is not entitled to judgment as a matter of law; there still remains a genuine issue of material fact as to whether Flowers rejected the plaintiff's defense under reservation of rights prior to entering into the agreed judgment.

Under Kentucky law  an insured is not required to accept a defense offered by the insurer under a reservation of rights. *Medical Protective Co. v. Davis,* 581 S.W.2d 25, 26 (Ky. Ct. App. 1979).   "If the insured refuses to accept [the defense] and elects to defend himself, the company is [b]ound by the result, in the absence of fraud or collusion, unless it can establish that the policy did not afford coverage or was breached by the defendant."[3]  *Id.* It follows, if Flowers rejected the plaintiff's defense under a reservation of rights prior to the settlement, then he may not be bound by the cooperation clause in the contract.  *See* 44 Am. Jur. 2d Insurance § 1422 ("Since the insurer, by reserving the right to deny coverage, loses the right to control the litigation, the insured does not breach the policy's 'duty to

---

[3]In this case, the Kentucky court specifically stated that the insured's failure to cooperate with the insurance company after he received the reservation of rights letter did not relieve the company if the subsequent failure to cooperate was justified. *Id*. at 26.

cooperate with the insurer' provision by entering into an unauthorized settlement or stipulated liability."). On the other hand, if Flowers rejected the defense after or in conjunction with the settlement, he may still be bound by the policy, and therefore he would be in breach of his duty to cooperate.[4] Kentucky law holds that "if the insured chooses to accept a defense under reservation, the insurer retains any defenses under its policy." *Travelers Property Casualty Co. V. Hillerich & Bradsby Co.,* 2006 WL 2524145 (W.D.Ky. 2006).

While it is undisputed that Flowers initially accepted a defense under reservation of rights and that he entered into a voluntary agreement without the plaintiff's consent, the issue of *when* Flowers rejected the plaintiff's defense under reservation of rights is a genuine issue of material fact; therefore, the moving party is not entitled to a judgment as a matter of law. Further discovery is required on this issue. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for declaratory judgment (DE 29), which the court construes as a motion for summary judgment, is **DENIED**. **IT IS**

---

[4] It is undisputed that Flowers rejected the defense at some point after the unsuccessful mediation. *See* DE 34 Exhibit 1 *("*Request for Admission No. 9: Norman Flowers *rejected the offer of defense* by Scottsdale Insurance Company *AFTER* Scottsdale Insurance Company by and through it's authorized representatives made its position clear that it was not going to make any payment on his behalf to Kathleen Burke." (Deemed admitted pursuant to Fed. R. Civ. P. 36(a) because no response was received within 30 days) (emphasis added).); DE 37 Exhibit (Response to Request No. 7: "Admit. Scottsdale provided representation for Mr. Flowers under a reservation of rights *until the time when Norman Flowers declined further representation* through Scottsdale."(emphasis added).)

**FURTHER ORDERED** that the court will enter a separate scheduling order in this matter.

Signed on  January 29, 2008

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**