**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 06-632-C**

**SCOTTSDALE INSURANCE COMPANY, ET AL.**                              **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**NORMAN FLOWERS, ET AL.,**                              **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court upon the plaintiff's renewed motion for declaratory judgment (DE 66) on the issue of the plaintiff-insurer's obligation to provide indemnity under the terms of an insurance policy for the agreed judgment voluntarily assumed and entered into by the defendant Norman Flowers in favor of defendant Kathleen Burke.  The court, having reviewed the record and having been otherwise sufficiently advised, will grant the motion.[1]

**I.      Facts**

The defendant, Norman Flowers, was an employee of the intervening plaintiff, The Morton Center, whose duties included the counseling of individuals at the Center.  Defendant Kathleen Burke, a patient of Flowers, filed suit in state court against both Flowers and the Morton Center, alleging, among other things, that

_____

[1] Defendant Flowers did not respond to Scottsdale's previous motion for declaratory judgment (DE 29), nor has he responded to the instant motion.

1

Flowers abused his position as a therapist.  Scottsdale Insurance Company ("Scottsdale"), the plaintiff, provides the Morton Center with professional liability insurance.  Scottsdale filed a declaratory judgment action with this court, Case No. 3:06-CV-19-C.  In that action, this court found that Scottsdale has no duty to extend coverage to Flowers for his sexual affair with Burke, as such acts were outside the scope of employment and, therefore, outside the coverage of the insurance policy.  The Sixth Circuit affirmed that ruling on January 16, 2008. *Scottsdale Ins. Co. v. Flowers,* Nos. 06-6385/6412 (6th Cir. 2008).

While the extent of coverage was being litigated in federal court, Burke's state court action continued to proceed.  Unsure of the extent of coverage owed in the matter, Scottsdale defended the state action under a reservation of rights.  All parties participated in formal mediation on November 17, 2006, which was unsuccessful.  The morning of the first day of trial, December 5, 2006, Flowers submitted written documentation that he was rejecting the plaintiff's representation under a reservation of rights.  On that same date, Burke and Flowers informed the state court that they had entered into an Agreed Judgment, whereby Flowers agreed to pay Burke one million dollars for damages she sustained.  Scottsdale argues that it is not obligated under its insurance policy to indemnify Flowers for his obligation under that Agreed Judgment.  Accordingly, Scottsdale has filed this action to clarify its obligations under the policy.

## II.     Standard of Review

"Summary judgment[2] is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (citing Fed. R. Civ. P. 56(c)). In deciding the motion, the court must view all of the evidence in the light most favorable to the party opposing summary judgment.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Browning,* 283 F.3d at 769 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  A genuine issue exists only when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Browning*, 283 F.3d at 769 (quoting *Anderson*, 477 U.S. at 252).

## III.     Analysis

Interpretation of an insurance policy is a question of law.  *K.M.R. Foremost Ins. Group*, 171 S.W.3d 751, 753 (Ky. App. 2005). The contract must be enforced as written, with clear and unambiguous terms given their ordinary meaning. *Goodman v. Horace Mann Ins. Co.*, 100 S.W.3d 769, 772 (Ky. App. 2003).

---

[2]  Because the parties have presented matters outside the pleadings, which have been considered by this court, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  Because the court's prior order indicated it was viewing the plaintiff's motion for declaratory judgment as one for summary judgment, and because once again the plaintiff has submitted documents outside the pleadings, the court finds that the defendants were provided notice and opportunity to sufficiently respond to the motion as they would to a motion for summary judgment.

Further, "unless the terms contained in an insurance policy have acquired a technical meaning in the law, they must be interpreted according to the usage of the average man and as they would be read and understood by him in the light of the prevailing rule that uncertainties and ambiguities must be resolved in favor of the insured." *Id.* Accordingly, the court must look to the insurance-policy language to determine whether Scottsdale has a duty to provide coverage or indemnity for the Agreed Judgment.

Scottsdale's Commercial Lines insurance policy provides: "No insureds[3] will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense without [Scottsdale's] consent." DE 29 Exhibit 3 at 4. It also states,

> A person . . . may sue [Scottsdale] to recover on an agreed settlement. . . . An agreed settlement means a settlement and release of liability signed by [Scottsdale], the insured and the claimant or the claimant's legal representative.

*Id.* at 4. The agreement also requires that the Morton Center "and any other involved insured," such as Flowers, must "cooperate with [Scottsdale] in the investigation, settlement or defense of the claim or suit." *Id.* Finally, the policy states that "No person . . . has a right under this Coverage Part . . . to sue [Scottsdale] on this Coverage Part, unless all of its terms have been fully complied

---

[3] The Scottsdale policy designates in the Declaration the Morton Center as the Named Insured. DE 29 Exhibit 3. Employees of the Morton Center are also insured under the terms of the policy, "but only for acts within the scope of their employment." DE 29 Exhibit 3 at 3.

4

with." *Id.*

To begin, the court finds that the above language indicates that the insurance company will deny coverage for a voluntary settlement entered into by the insured without the company's consent. *See also Faust v. Travelers Indemnity Co.,* 55 F.3d 471 (9th Cir. 1995) (upholding voluntary-payment provision). The policy requires Scottsdale's approval or consent before it will assume an obligation. However, Flowers voluntarily assumed the legal obligation in this case without Scottsdale's consent. Notwithstanding Flowers's failure to comply with the policy conditions, Burke contends that because Flowers's actions were taken after he had rejected a defense by Scottsdale under a reservation of rights, his noncompliance with the policy does not disqualify his coverage for paying the Agreed Judgment.

An insurer may "offer to defend a case with a 'reservation of rights' agreement if it believes there is no coverage owed." *O'Bannon v. Aetna Casualty & Surety Co.,* 678 S.W.2d 390 (Ky. 1984). Under Kentucky law an insured is not required to accept a defense offered by the insurer under a reservation of rights. *Medical Protective Co. v. Davis,* 581 S.W.2d 25, 26 (Ky. Ct. App. 1979). "If the insured refuses to accept [the defense] and elects to defend himself, the company is [b]ound by the result, in the absence of fraud or collusion, unless it can establish that the policy did not afford coverage or was breached by the defendant." *Id.* If Flowers rejected Scottsdale's defense under a reservation of rights prior to the settlement, then he may not be bound by the cooperation clause in the contract.

5

*See* 44 Am. Jur. 2d Insurance § 1422 ("Since the insurer, by reserving the right to deny coverage, loses the right to control the litigation, the insured does not breach the policy's 'duty to cooperate with the insurer' provision by entering into an unauthorized settlement or stipulated liability."). On the other hand, if Flowers rejected the defense after or in conjunction with the settlement, he may still be bound by the policy. "If the insured chooses to accept a defense under reservation, the insurer retains any defenses under its policy." *Travelers Property Casualty Co. v. Hillerich & Bradsby Co.,* 2006 WL 2524145 (W.D.Ky. 2006).

At issue is the sequence of Flowers's actions. Scottsdale previously filed a motion for declaratory judgment on this issue; however, this court denied that motion because it found that there was a genuine issue of material fact as to whether Flowers rejected the plaintiff's defense under reservation of rights prior to entering into the agreed judgment.[4] Scottsdale has now presented evidence that demonstrates Flowers entered into the Agreed Judgment *before* he notified Scottsdale that he rejected its defense under a reservation of rights. At a hearing

---

[4] At the time of the previous motion, the court had evidence only that Flowers rejected Scottsdale's defense under a reservation of rights at some point after the unsuccessful mediation. *See* DE 34 Exhibit 1 *("*Request for Admission No. 9: Norman Flowers *rejected the offer of defense* by Scottsdale Insurance Company *AFTER* Scottsdale Insurance Company by and through it's [sic] authorized representatives made its position clear that it was not going to make any payment on his behalf to Kathleen Burke." (Deemed admitted pursuant to Fed. R. Civ. P. 36(a) because no response was received within 30 days) (emphasis added).); DE 37 Exhibit (Response to Request No. 7: "Admit. Scottsdale provided representation for Mr. Flowers under a reservation of rights *until the time when Norman Flowers declined further representation* through Scottsdale."(emphasis added).).

6

held before Jefferson Circuit Court on December 5, 2006, Flowers's attorney
tendered his "Notice of Defendant, Norman Flowers', Rejection of Defense Offered
by Scottsdale Insurance Under Reservation of Rights."  DE 66 Exhibit 1.  The notice
stated that Flowers did not believe the insurance company had his "best interests in
mind" in the defense of the state action, which he stated "became obvious to [him]
during the most recent mediation."  DE 66 Exhibit 2.  Thus, Flowers notified the
plaintiff that he "reject[ed] the defense offered by the insurance company and
[would] handle [his] own defense."  *Id.*  The certificate of service states that a copy
of the rejection was hand-delivered on December 5, 2006.  Not one minute later,
during that same hearing, Flowers's attorney tendered a one million dollar Agreed
Judgment, which at that time had already been personally signed and agreed to by
both Flowers and Burke.  DE 66 Exhibit 1.  The Agreed Judgment states that "the
Defendant, Norman Flowers has made an offer of judgment of ONE MILLION
DOLLARS ($1,000,000.00) to the Plaintiff, Kathleen Burke, and the Plaintiff,
Kathleen Burke has accepted this offer of judgment."  DE 66 Exhibit 3.  Not only
was the document signed before Flowers tendered the written rejection of
Scottsdale's defense, but also Burke's attorney stated during that hearing that the
offer of settlement had been made "yesterday."  DE 66 Exhibit 1.  This evidence
demonstrates that Flowers negotiated and entered into a settlement, and thus
assumed an obligation, before he tendered his written rejection of Scottsdale's
defense.

7

Burke admits that the settlement between Flowers and herself occurred on the morning of December 5, 2006.  Burke also admits that the written documents notifying everyone that Flowers was rejecting the defense offered by Scottsdale and the judgment were tendered on the same day.  However, Burke urges that prior to the written document rejecting the plaintiff's defense, Flowers had already rejected the defense.  Yet, she presents no evidence to refute Scottsdale's evidence that Flowers rejected the defense prior to the settlement.  Burke argues that she has sought and been denied the opportunity to depose the attorneys hired by Scottsdale because she believes the testimony would show that Flowers and his attorney notified the plaintiff that he was rejecting the defense offered by Scottsdale, and that it was at Scottsdale's request that the written document was executed.  The court finds that Burke should have the opportunity to complete discovery on this issue, especially in light of the fact that the renewed motion for declaratory judgment was filed before the July discovery deadline. *See Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir. 2004) ("It is well-established that [a party] must receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment."); *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231 ("a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery").  Accordingly,

**IT IS ORDERED** that Scottsdale's renewed motion for declaratory judgment is **DENIED.**

8

**IT IS FURTHER ORDERED** that the discovery deadlines and motions held in abeyance pending this court's ruling on the renewed motion for declaratory judgment will be addressed at the July 25, 2008, teleconference.

Signed on  July 8, 2008

Jennifer B. Coffman, Judge
United States District Court

9