UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 06-632-C**

**SCOTTSDALE INSURANCE COMPANY,**                                    **PLAINTIFF,**

**V.**             **MEMORANDUM OPINION AND ORDER**

**NORMAN FLOWERS, et al.,**                                            **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

Pending before the court is Scottsdale's motion for summary judgment (R.215). For reasons explained below, the motion will be granted.

Scottsdale seeks a declaratory judgment stating that the $1,000,000 Agreed Judgment entered into by Kathleen Burke and Norman Flowers is unenforceable against Scottsdale. In 2006 the court determined that Scottsdale has no duty to extend coverage to Norman Flowers for his sexual affair with Kathleen Burke. Therefore, any obligation that Scottsdale might have under the agreed judgment between Burke and Flowers would necessarily be based on any damage incurred by Burke as a result of Flowers's negligent counseling, outside the context of any sexual relationship. For lack of evidence that any such negligent counseling occurred, the court will grant Scottsdale's motion.

First, no *factual* basis exists for the negligent counseling claim. Burke argues only that Flowers groomed her for sexual abuse and then exploited her sexually.

1

She points to no counseling which was negligent – i.e., which deviated from the standard of care. Her claim that the lack of counseling—that is, an affair instead of counseling—constitutes negligent counseling is tantamount to reliance on the affair itself, which is not covered by the policy at issue. Even the expert testimony which the court has excluded offered neither proof of negligent counseling nor proof of damages stemming from negligent counseling. Indeed, one reason for exclusion of those expert witnesses was their focus solely on the occurrence of a sexual liaison and damages stemming from that affair—which, to reiterate, is an area of harm not covered by the instant policy.

Second, Burke has no *expert* evidence to prove her claim of negligent counseling. The court has granted Scottsdale's motions to exclude the expert testimony of Dr. Judith Heitzman (R.195) and Dr. Robert Granacher (R.196). In Kentucky, the general rule is that expert testimony is required to establish a standard of care in professional negligence cases. *See Jarboe v. Harting*, 397 S.W.2d 775, 778 (Ky. 1965). Burke could demonstrate professional negligence "absent expert testimony where the negligence is so apparent that a layperson with general knowledge would have no difficulty recognizing it." *Stephens v. Denison*, 150 S.W.3d 80, 82 (Ky. App. 2004). However, the only theory that Burke has offered as to how Flowers was negligent in his counseling of Burke is a "failure to provide counseling" theory.

Burke cannot not recover under that theory because, as noted above,

2

Flowers's alleged failure to provide counseling stems from the fact that instead of providing counseling, he had a sexual affair with Burke. Thus the "failure to provide counseling" theory is defined by the sexual affair, instead of furnishing a basis for the negligent counseling claim. Therefore, Burke has failed to articulate any basis for a finding that any part of the $1,000,000 agreed judgment between Burke and Flowers was based on any act or omission occurring outside the context of a sexual relationship. Accordingly,

    **IT IS ORDERED** that Scottsdale's motion for summary judgment (R.215) is **GRANTED**.

Signed on May 16, 2012

Jennifer B. Coffman, Judge
United States District Court

3